ADAM L. BRAVERMAN
United States Attorney
DANIEL E. BUTCHER
Assistant U.S. Attorney
Cal. State Bar #144624
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-7696
Facsimile: (619) 546-5678
Email: Daniel.butcher@usdoj.gov
Attorneys for the United States

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE E. III: COLLINS,<br>   Plaintiff,<br>v.<br><br>UNITED STATES NAVY,<br>   Defendant. | Case No.: 17cv2451-MMA (BGS)<br><br>EX PARTE MOTION TO STRIKE PRIVATE INFORMATION FROM PLAINTIFF'S COMPLAINT (FED. R. CIV. P. 12(f)) |

## I. INTRODUCTION

The attachments to Plaintiff's complaint contain sensitive information regarding an individual who is not a party to this action. The United States respectfully requests that the Court direct the Clerk of the Court to remove these attachments from the publicly available file.[1]

## II. STATEMENT OF FACTS

Plaintiff's complaint alleges that the United States Navy violated the terms of his "votecollins2020.com" website. ECF No. 1. The following pages of Plaintiff's

---

[1] As the docket reflects, Plaintiff has not yet completed service of his complaint. Through this motion, the United States is making a limited appearance for the sole purpose of protecting a third party's private medical information.

1

complaint contain sensitive and private psychological information regarding a non-party: pages 12 of 39, 24 of 39, and 32 of 39. The information in these attachments does not relate to Plaintiff's allegations against the United States Navy. *Id.*

III.   ARGUMENT

Federal Rule of Civil Procedure 5.2(a) requires the redaction of certain private matters from pleadings. Rule 5.2(e) allows the Court to order the redaction of additional information for good cause. Courts have routinely recognized that individually identifiable medical and psychological information should be protected from public view. *See, e.g., Shack v. Knipp*, No. 12-CV-794-MMA BGS, 2012 WL 4111652, at *7 (S.D. Cal. Sept. 17, 2012) ("Considering the proposed documents to be sealed are medical and psychiatric records, the Court agrees that these documents should be sealed…."); *Adele v. Dunn*, No. 2:12-CV-00597-LDG, 2013 WL 593291, at *6 (D. Nev. Feb. 14, 2013) ("Good cause exists to seal Plaintiff's confidential medical records which contain personal identifiers and sensitive, private medical information. The publicly filed papers are adequate to disclose the nature of the parties' disputes for purposes of the public's right of access to judicial records and proceedings.").

Redaction is especially appropriate when the individual whose privacy is compromised is not a party to the action. *See, e.g., Kelly v. City of New York*, No. 01 Civ. 8906 (AGSDF), 2003 WL 548400, at *5 (S.D.N.Y. Feb. 24, 2003) (Requiring redaction of non-party names because "[t]he individuals involved are not parties to this action, and are not being charged with wrongdoing in this case, and the Court should therefore make reasonable efforts to guard against disclosure that has the potential to invade their privacy and impair their personal reputations."); *Flaherty v. Seroussi*, 209 F.R.D. 300, 304 (N.D.N.Y.2002) (a protective order was warranted to prevent public disclosure of "medical, educational, and other inherently private information concerning individual employees of the City," as well as "allegations and investigations which have not ripened into employment actions").

Pages 12, 24, and 39 of Plaintiff's complaint contain private psychological information relating to a third party. Further, these pages have no apparent relevance to the allegations in Plaintiff's complaint: whether the Department of the Navy breached the terms of Plaintiff's "votecollins2020.com" website. The United States therefore respectfully requests that the Court direct the Clerk of Court to remove these pages from the publicly available file.

IV. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court direct the Clerk of the Court to remove pages 12, 24, and 32 of Plaintiff's complaint from the publicly available file in this case.

DATED: January 25, 2018

Respectfully submitted,

ADAM L. BRAVERMAN
United States Attorney

s/Daniel E. Butcher
DANIEL E. BUTCHER
Assistant U.S. Attorney
Attorneys for Defendants