**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOE E. III: COLLINS,<br><br>                              Plaintiff,<br>v.<br>UNITED STATES NAVY,<br><br>                              Defendant. | Case No.: 17cv2451-MMA (BGS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS;**<br><br>[Doc. No. 12]<br><br>**DENYING PLAINTIFF'S MOTION TO TRANSFER VENUE**<br><br>[Doc. No. 14] |

Plaintiff Joe E. Collins III, proceeding *pro se*, brings this action against Defendant United States Navy ("Defendant" or "Navy"), alleging that the Navy "knowingly and willfully violated the terms and conditions" of a website established by Collins in relation to his candidacy for President of the United States in 2020. *See* Doc. No. 1. Defendant moves to dismiss the action in its entirety pursuant to Federal Rule of Civil Procedure 12(b) based on lack of subject matter jurisdiction and failure to state a plausible claim for relief. *See* Doc. No. 12. In lieu of an opposition to the motion, Plaintiff filed a motion to transfer venue to the United States Court of Federal Claims. *See* Doc. No. 14. Defendant opposes Plaintiff's motion. *See* Doc. No. 16. For the reasons set forth below, the Court

1

**GRANTS** the Defendant's motion to dismiss and **DENIES** Plaintiff's motion to transfer venue.

## BACKGROUND[1]

This action arises out of events related to Plaintiff's dishonorable discharge from the Navy. Plaintiff served in the United States Navy for approximately thirteen years; at the time of Defendant's alleged breach, Plaintiff was an Aviation Machinist's Mate First Class. In May 2017, the Navy investigated allegations that Plaintiff had engaged in partisan politics and failed to obey a lawful general order or regulation in violation of Uniform Code of Military Justice Articles 92, 93, and 134. The investigation revealed that Plaintiff had begun a campaign to run for President in 2020, launched a website, "www.votecollins2020.com" ("the website"), associated with his campaign, and engaged in other partisan political activities. The inquiry also uncovered that Plaintiff had used "official authority to solicit votes," and made derisive statements relating to the current Commander in Chief "with intent to promote disloyalty and impair good order and discipline of any member of the armed forces." Doc. No. 1 at 13, 56.[2] On August 11, 2017, the Navy issued Plaintiff a written directive to cease all partisan political activities, including his presidential campaign, and warned Plaintiff that failure to do so could result in adverse administrative action. The Navy subsequently discharged Plaintiff.

Plaintiff alleges that Defendant breached a term of use of Plaintiff's Vote Collins 2020 website. The term of use that the Navy allegedly breached provides: "[y]ou may not use the site nor it's (sic) contents to include ALL social media accounts associated with Vote Collins 2020 in any manner which could damage, damage (sic) the reputation of person's associated with this site." *Id.* at 2. Plaintiff asserts that "the United States

---

[1] Because this matter comes before the Court on a motion to dismiss, the Court must construe the complaint, and all reasonable inferences drawn therefrom, in the light most favorable to Plaintiff. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

[2] Citations to electronically filed documents in the record refer to the pagination assigned by the CM/ECF system.

Navy Knowingly and Willfully violated the terms and conditions of the website . . . in order to achieve their objective which was to demaged (sic) the reputation, character, and end the 13 year career of Joe E. Collins III." *Id.* at 2-3. Based on these events, Plaintiff commenced the instant action seeking damages and requesting that the Navy "[u]pdate Joe E. Collins III, discharge to honorable, change the the (sic) Narrative Reason for separation to 'Separation' and separation Code to 246." *Id.* at 4.

## DISCUSSION

As a threshold matter, Defendant moves to dismiss this action based on the Court's lack of subject matter jurisdiction over Plaintiff's claim. Plaintiff alleges a breach of contract claim against the United States. The Tucker Act and the Little Tucker Act, read together, confer exclusive jurisdiction to the United States Court of Federal Claims over contract claims against the United States seeking over $10,000.00 in damages. *See* 28 U.S.C. § 1491(a)(1); 28 U.S.C. § 1346(a)(2); *McGuire v. United States*, 550 F.3d 903, 910-911 (9th Cir. 2008). Plaintiff clearly seeks to recover more than $10,000.00 in damages from the government in this action. *See* Doc. No. 1 at 2-3 ("I wan[t] the court to order the United States Navy to pay damages of $100,000,000.00 to Joe E. Collins III."). As such, the Court of Federal Claims has exclusive subject matter jurisdiction over this action. *See McGuire*, 550 F.3d at 910-911.

In lieu of opposing Defendant's motion to dismiss, Plaintiff moves to transfer venue to the Court of Federal Claims pursuant to 28 U.S.C. § 1404(a). However, Section 1404(a) permits transfers only to other "district[s] or division[s]," and the Court of Federal Claims is not a "district or division" for purposes of Section 1404(a). *See Topsnik v. United States*, 554 F. App'x 630, 631 (9th Cir. 2014); *Harvest*, 490 F.3d at 1378. Therefore Section 1404(a) does not authorize the Court to transfer this case to the Court of Federal Claims.

As Plaintiff proceeds *pro se*, the Court liberally construes his pleadings, and considers the propriety of a transfer pursuant to 28 U.S.C. § 1631. *See Ortez v. Wash. Cty., State of Or.,* 88 F.3d 804, 807 (9th Cir. 1996). Section 1631 does not contain the

3

same "district or division" limitation and could permit transfer to the Court of Federal Claims. *See* 28 U.S.C. § 1631. The statute provides that where "a court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed . . . ." *Id*. The interests of justice are not served by transfer where the plaintiff fails to make a prima facie showing of a right to relief. *See Clark v. Busey*, 959 F.2d 808, 812 (9th Cir. 1992); *Ferris v. Dept. of the Navy*, 810 F.2d 1121, 1123 (9th Cir. 1987).

Here, a transfer under Section 1631 would not serve the interests of justice. *See Clark*, 959 F.2d at 812. As currently alleged, the purported contract between Plaintiff and Defendant appears to be legally unenforceable. "[I]t is a long-standing principle of general contract law that courts will not enforce contracts that purport to bar a party—here the United States Army—from reporting another party's alleged misconduct to law enforcement authorities for investigation and possible prosecution." *Fomby-Denson v. Department of the Army*, 247 F.3d 1366, 1377-78. Plaintiff seeks to enforce his website's terms in a manner that would hold Defendant liable for using the website to report and investigate Plaintiff's alleged violations of the UCMJ. Enforcing the website's terms to hold Defendant liable for using the website in its investigation would contravene the "long-standing principle of general contract law" that such contracts violate public policy. *Id.*

Moreover, to state a plausible Tucker Act contract claim, a plaintiff must allege the essential elements of a contract with the United States, "such as mutuality of intent, consideration, unambiguous offer and acceptance, and actual authority on the part of a government official to bind the government." *Mitchell v. United States*, 136 Fed. Cl. 286, 289 (2018). Plaintiff fails to adequately allege these essential elements. In particular, Plaintiff fails to allege that a government representative with authority to bind the United States agreed to the terms of use in question. Nor does Plaintiff allege that any other government representative agreed to the terms of use, and did so with the authority to

4

bind the United States.[3]  Accordingly, the Court finds it would not be in the interests of justice to transfer this action to the Court of Federal Claims.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the Navy's motion and **DISMISSES** this action without prejudice and without leave to amend.  *See Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988).  The Court **DENIES** Plaintiff's motion to transfer venue.  The Court **DIRECTS** the Clerk of Court to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

DATE: August 8, 2018

_____
HON. MICHAEL M. ANELLO
United States District Judge

---

[3] Plaintiff may be able to address this defect by amending his claim; however, this Court would nonetheless lack subject matter jurisdiction over the action.  *See McGuire*, 550 F.3d at 910-911.  Should Plaintiff allege facts sufficient to state a plausible contract claim, the Tucker Act would confer exclusive jurisdiction to the Court of Federal Claims, in light of the amount of damages Plaintiff seeks.  *See id.*

5

17cv2451-MMA (BGS)